**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DAVID PELZER; DAVID AND RUTH                                                              PLAINTIFFS
PELZER, LLC, an Iowa Limited Liability
Company; and DAVID AND MATTHEW
PELZER, LLC, an Iowa Limited Liability
Company

v.                                             No. 4:11CV00108 JLH

UNITED STATES DEPARTMENT OF
AGRICULTURE, FEDERAL CROP INSURANCE
CORPORATION, RISK MANAGEMENT AGENCY;
and ARMTECH INSURANCE SERVICES,
a Texas Corporation                                                                        DEFENDANTS

**ORDER**

The plaintiffs bring this action against the United States Department of Agriculture, Risk Management Agency, and the Federal Crop Insurance Corporation (collectively, "the Agency"), as well as Armtech Insurance Services, seeking to recover loss relating to 574.7 acres of corn planted behind harvested wheat in 2007. The plaintiffs allege that they planted corn behind a harvested wheat crop in reliance on representations made by agents of Armtech that the corn would be insured. They further allege that the corn crop was lost due to insured causes but that Armtech denied the claim. Pursuant to the applicable federal regulations, the plaintiffs filed timely requests for reconsideration with the Agency, which were denied. The Common Crop Insurance Policy requires that the production methods for an insured crop follow "good farming practices," which means, for conventional farming practices, "those generally recognized by experts in the area." In denying the requests for reconsideration, the Agency determined that the planting of non-irrigated corn following wheat is not a generally recognized production method for the area. The plaintiffs seek judicial

review of the Agency decision denying their requests for reconsideration pursuant to 7 U.S.C. § 1508(j) and 7 C.F.R. § 400.98. The regulation provides that a "reconsideration decision by the Agency regarding good farming practices shall not be reversed or modified as a result of judicial review unless the reconsideration decision is found to be arbitrary or capricious." 7 C.F.R. § 400.98(f). In the alternative, the plaintiffs seek to recover from Armtech for negligence, deceit, constructive fraud, reformation, and deceptive trade practices.

The parties stipulated that a judicial review of the Agency decision pursuant to 7 U.S.C. § 1508(j) and 7 C.F.R. § 400.98 should be completed by the Court before the action can go to trial on the claims against Armtech. The parties stipulated to a date by which the administrative record would be filed, as well as dates on which briefs would be filed. The Court entered a scheduling order according to that stipulation. *See* Document #30. According to the stipulation of the parties and the Order of the Court, the Agency was required to file the administrative record by March 1, 2011. The brief of the plaintiffs was to be filed sixty days after the administrative record, the Agency's brief sixty days thereafter, with the plaintiffs' reply brief, if any, filed fifteen days thereafter.

On March 1, 2011, the Agency filed a motion for an extension of time to file the administrative record, which the Court granted. The Agency then filed the administrative record on March 2, 2011. On May 18, 2011, the plaintiffs filed a document styled "Plaintiffs' Brief in Support of Judicial Review." That document stated, in its entirety:

> COME NOW the Plaintiffs, David Pelzer, David and Ruth Pelzer, LLC, and David and Matthew Pelzer, LLC, by and through counsel, and pursuant to Court's Order of February 14, 2011, hereby submits this matter on the full administrative record developed through the administrative proceedings of the United States Department

of Agriculture, Federal Crop Insurance Corporation, Risk Management Agency, and filed by the Government on March 2, 2011.

The Agency has now filed a motion to dismiss on the ground that the plaintiffs failed to comply with the Court's Order directing that a brief be filed within sixty days after filing the administrative record. The Agency contends that the plaintiffs have failed to prosecute this action because they deliberately did not file a brief pursuant to the Court's scheduling order, which, as noted, set out a schedule to which the parties stipulated. The plaintiffs contend that the one sentence document that they filed constitutes a brief and therefore they have not failed to comply with the Court's Order. They say that they intend to submit the case to the Court based on the administrative record, so that the Court can determine based on the administrative record whether the reconsideration decision by the Agency is arbitrary and capricious.

The Court has reviewed significant portions of the administrative record, focusing particularly on the letters from the Agency explaining the denial of the plaintiffs' requests for reconsideration, as well as the information upon which the agency relied. It does not appear to the Court that the decision to deny reconsideration was arbitrary or capricious. The Court has come to that conclusion, however, without the benefit of any argument by the plaintiffs. If the plaintiffs believe that the decision of the Agency to deny reconsideration was arbitrary or capricious, they must submit a written brief explaining the reasons why they believe that decision was arbitrary or capricious, calling the Court's attention to the portions of the administrative record that support their arguments. Any such brief must be filed on or before July 13, 2011. If the plaintiffs file such a brief, the response by the governmental agencies will be due no later than sixty days after the plaintiffs'

brief is filed. If the plaintiffs choose not to file a brief making arguments as to why the Agency's decision is arbitrary or capricious, the Court will summarily affirm.

IT IS SO ORDERED this 22nd day of June, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE